HARRISON C. FROST *vs.* INTERNATIONAL RUBBER CO.

APRIL 9, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Scope of Bills of Particulars.*

A bill of particulars confines the proof to the subject-matter of the items set forth therein and thus affects the amount of the judgment to which a plaintiff may be entitled.

Practically a bill of particulars is supplementary to the declaration and to all intents a part thereof. A plaintiff therefore after having precisely stated his claim cannot be permitted to offer testimony in support of ascititious claims which he has already eliminated.

*(2)   Splitting Causes of Action.   Running Account.*

Where a plaintiff had a claim for wages under a written contract and a claim for moving expenses based on a verbal agreement and brought suit to recover wages accrued to a certain date, as such wages and expenses did not constitute a running account, the rule as to splitting causes of action did not apply and plaintiff could bring suit and recover judgment for wages due under the contract, without imperiling his right to maintain another action for the recovery of the balance of the wages and the moving expenses.

*(3)   Contracts.   Installments.   Splitting Causes of Action.*

Where under a contract money is payable in installments, a suit may be maintained for each installment as it becomes due, but if more than one is due when suit is brought all of the installments then due constitute but a single cause of action and the rule against splitting applies.

ASSUMPSIT. Heard on motion for reargument. Denied. See *Frost* v. *International Rubber Co.*, 37 R. I., 406.

VINCENT, J. Following the opinion of the court in the above case the defendant filed a motion for reargument alleging that,

1. The court erred in assuming the "moving expenses" became due and payable to the plaintiff after the commencement of the first suit.

2. The court erred in assuming that the wages due, together with the (moving) expenses were not a running account between the parties at the time of the bringing of

the first suit, there being nothing in the record to show this, as the defendant put in no defence and the plaintiff put in no evidence.

3. The court erred in ruling that the item of moving expenses could not be recovered under the common counts.

4. The court erred in assuming that there were two distinct contracts, no evidence of the contract or contracts being introduced in either case.

5. The court erred in concluding that the bill of particulars limited the judgment.

6. The court erred in holding that the scope of the judgment was for accrued wages only.

The court made no assumption that the amount claimed for moving expenses became due after July 27, 1911, the date when the first suit was commenced. In the view taken by the court, the time when the claim for moving expenses matured was not important.

The plaintiff's letter of June 9, 1911, referring to his claims for wages and moving expenses is not important upon the question of *res adjudicata.* The fact that the plaintiff mentioned both claims in a letter to the defendant, evidently written for the purpose of obtaining an amicable adjustment of all matters in dispute between them, can have no bearing upon or be decisive of his right to maintain his second suit for the balance of his wages and his moving expenses.

The plaintiff's suit of July 27, 1911, was not brought for the recovery of moving expenses and such recovery could not have been had therein. It was brought for the accrued installments on the contract for his services and was limited to that recovery by the bill of particulars which the defendant asked for and obtained. The defendant says that a judgment cannot be limited by a bill of particulars. The bill of particulars limits the proof which the plaintiff is entitled to offer and confines it to the subject matter of the items set forth therein and thus may be said to work a limitation upon or affect the amount of the judgment to which the plaintiff may be entitled. The very purpose of a

bill of particulars is to explain or make more definite the plaintiff's declaration and inform the defendant more specifically as to its extent and scope, thus enabling him to meet its charges free from the danger of surprise. Practically, the bill of particulars is supplementary to the declaration and to all intents and purposes a part thereof. It therefore follows that the plaintiff, after having precisely stated and exhibited his claim, cannot be permitted at the trial to offer testimony in support of ascititious claims which he has already eliminated.

The defendant claims that the plaintiff was bound by the rule as to splitting causes of action and that he should have included the moving expenses in his first suit of July 27, 1911, and by not doing so he waived and lost that claim. In (2) support of that contention he cites *Corey* v. *Miller*, 12 R. I. 337, and *Potter* v. *Harvey*, 34 R. I. 71.

In *Corey* v. *Miller, supra,* a part of the account accrued before and a part after July 1, 1870. The statute provided that a writ might be issued commanding the arrest of any person, not exempt by law from arrest in any action for the recovery of a debt, the cause of which accrued previously to the first day of July, 1870. The suit covered the items of account both before and after July 1, 1870. The court said that inasmuch as the plaintiff included the entire account in his suit, for a part of which the law gave no authority to arrest the defendant, the arrest must be considered illegal and void. The court also said, upon defendant's second ground of motion, that an account must be treated as one entire demand unless there is something in the course or nature of the dealings of the parties or in the mode of keeping it to indicate a contrary intention; that it cannot be severed for the purpose of bringing different suits on its different parts. The plaintiff may sue for a part, but not afterwards for the rest. The case, however, was one in which there was a running book account.

In the case at bar there is no such account. The plaintiff had a claim for wages under a written contract. He also had

a claim for moving expenses, based on an alleged verbal agreement. His suit of July 27, 1911, was brought to recover wages to that date only, under the written contract.

In *Potter* v. *Harvey, supra,* the court held that in the absence of special circumstances, an open or continuous running account between the same parties constitutes a single and entire demand, the aggregate of all the items being regarded as the amount due. The account of the plaintiff in that case was a running account for professional services as a physician.

As to the nature of the plaintiff's claim, this court has made no assumption and no assumption need be resorted to. It is evident from an examination of the papers in the two cases that the first suit of the plaintiff was for the recovery of wages due at that time and that his second suit was for the recovery of a balance of wages and one-half of his moving expenses. There is no difficulty in determining, in the absence of testimony, that such wages and expenses did not constitute a running account between the parties, but that one was founded upon a written contract and the other upon a verbal contract.

As we have already determined, the plaintiff could bring a suit and recover judgment for wages due under the contract, without imperiling his right to maintain another action when further wages should likewise become due. We have also found that the plaintiff's claim for wages and his claim for moving expenses arose from separate contracts, the one written and the other verbal, and that the rule as to splitting causes of action did not apply as in the case of a running book account.

The defendant avers that if the plaintiff paid the moving expenses the contract relating thereto became executed and that the amount was recoverable in the former suit, and in support of that contention cites *McDermott* v. *St. Wilhelminia Benevolent Aid Society,* 24 R. I. 527. That case holds that "when a contract has been fully executed, and nothing·

remains to be done but the payment of the price agreed on, the plaintiff may declare specially on the contract, or he may rely on the common counts in indebitatus assumpsit." The case is not therefore of any assistance in the determination of the present question. Besides, the proposition of the defendant, in support of which the *McDermott* case is cited, is based upon an actual prior disbursement by the plaintiff of the amount of his moving expenses, 'a fact which does not appear in evidence. In view of the conclusion already reached that the plaintiff was not bound to include

(3) the item of moving expenses in his first suit, the only question remaining is, did the plaintiff recover them therein? It is clear that he did not.

The defendant by a supplemental brief cites 1 C. J. 1114, Sec. 293, in support of its contention that the plaintiff having brought suit for and recovered his wages due July 21, 1911, is thereby precluded from maintaining another suit for wages accruing, under the contract, after that date. From an examination of the section referred to and also of the preceding sections 286 and 287, and the cases cited thereunder, we find abundant authority that where, under a contract, money is payable in installments, a suit may be maintained for each installment as it becomes due. It naturally follows, however, that if more than one installment is due, at the time suit is brought, all of the installments then due constitute but a single cause of action, and the rule against splitting applies.

There are some cases which hold that when an action is brought by an employee before the expiration of his term of employment it must be either an action on a *quantum meruit* for the services actually rendered or an action for damages for breach of contract, and either will preclude any further action on the contract, but it seems to us that the weight of authority is the other way and furnishes the more equitable rule.

We do not find anything in the defendant's motion for reargument which should lead us to change or modify the

conclusions expressed in our opinion on file and said motion is therefore denied and dismissed.

*Green, Hinckley & Allen, Arthur M. Allen, Chauncey E. Wheeler,* of counsel, for plaintiff.

*Charles H. McKenna,* for defendant.